IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GARY NUTALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-11-CV-1100 SS |
| | § | |
| CLAUDE MAYE, WARDEN, BASTROP | § | |
| FEDERAL CORRECTIONAL | § | |
| INSTITUTION, BASTROP, TEXAS, | § | |
| | § | |
| Respondent. | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court is Petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a Person in Federal Custody, filed December 14, 2011 (Clerk's Dkt. #1).[1] After considering the parties' pleadings, the record, and the relevant law, the Magistrate Court issues the following Report and Recommendation.

---

[1] The Application for Federal Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a Person in Federal Custody was submitted by both Gary Nutall and Raymond Andre Nutall. The claims of the two petitioners were severed by court order. (Court's Dkt.#5).

## I. BACKGROUND

Petitioner Gary Nutall ("Nutall") was convicted on December 1, 1997, in the United States District Court for the Western District of Texas in cause number SA:96-CR-141(2) of: (1) conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count One); (2) two counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 & 2 (Counts Two and Four); and (3) two counts of using and carrying a firearm during a violent crime in violation of 18 U.S.C. §§ 924(c) & 2 (Counts Three and Five.

Petitioner has made numerous post-conviction attacks on his sentence. On December 5, 1997, Petitioner gave notice of an appeal of his sentence. The United States Court of Appeals for the Fifth Circuit affirmed the District Court's sentence on August 5, 1999. On May 30, 2001, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On January 22, 2002, a magistrate judge issued a report and recommendation to deny Petitioner's motion. On February 27, 2002, the district judge accepted the report and recommendation and denied Petitioner's motion. On March 14, 2002, Petitioner appealed the denial of his § 2255 motion, and on April 5, 2002, the district judge denied Petitioner a certificate of appealability, which the Fifth Circuit affirmed on October 10, 2002. Finally, on October 16, 2008, Petitioner filed a Motion to Reopen Direct Appeal Proceeding or Issue a Order for his Release. On November 17, 2009 the trial court denied the motion.

Petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2241. He argues the Supreme Court's decision in *United States v. Bailey*, 516 U.S. 137 (1995), redefined and substantially narrowed the meaning of "use" under 18 U.S.C. § 924(c) such that "the government must show active employment of the firearm to prove that a defendant used a firearm in a crime of violence."

*Bailey*, 516 U.S. at 138. Petitioner concludes that to be found liable as an aider and abettor under § 924(c), the government was required to prove that he knew a firearm would be used in the commission of the underlying offense and that he took some action to facilitate or encourage the use or carrying of a firearm. Petitioner asserts that the government failed to satisfy the "use" requirement of § 924(c) as narrowed by *Bailey*.

## II. DISCUSSION

As a threshold matter, the Court must determine whether Nutall's claims are properly raised in a § 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-78. However, the savings clause of § 2255 permits a petitioner to seek habeas relief under § 2241 when the remedy provided under § 2255 is inadequate or ineffective. *Jeffers v. Chandler,* 234 F.3d 277, 280-81 (5th Cir. 2001); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (custodial court has jurisdiction to determine whether petitioner's claims are properly brought under § 2241 via the savings clause of § 2255). A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of § 2255 rests on the petitioner. *Id.*

A petitioner must satisfy two factors to demonstrate inadequacy or ineffectiveness. First, his claims must be based on a retroactively applicable Supreme Court decision establishing he may have been convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.

2001). Second, petitioner must show his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. *Id.*

Petitioner claims § 2255 is inadequate or ineffective because the Supreme Court's decision in *Bailey* limits liability under 18 U.S.C. § 924(c)(2) such that Petitioner may have been convicted of a nonexistent offense. In support of his theory he cites a number of cases holding a habeas challenge based on the decision in *Bailey* could properly be brought under section 2241. (Pet. at 5-6). However, those cases are factually distinguishable from Nutall's because they involve convictions obtained prior to the date *Bailey* was decided. Here, Petitioner was convicted in 1997 and *Bailey* was decided in 1995. The *Bailey* decision cannot retroactively establish that Petitioner may have been convicted of a nonexistent offense since the decision predates his conviction. As a result, Petitioner fails the first prong of the two-part test in *Reyes-Requena*.

Petitioner also fails the second prong because his claim under *Bailey* was not foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. The Petitioner offers no explanation for his failure to raise this claim in his trial, appeal, or first § 2255 motion. Thus, Petitioner's has not established § 2255 is an inadequate remedy. Accordingly, he is not entitled to seek habeas relief in a § 2241 proceeding.

### III.  RECOMMENDATION

Accordingly, the Magistrate Court **RECOMMENDS** that the District Court **DENY** Petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. § 2241 by a Person in Federal Custody, filed December 14, 2011 (Clerk's Dkt. #1).

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE